**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Mary Oberther, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc.<br><br>Defendants. | Civil Action No.: 3:14-cv-30014<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**
**FOR VIOLATIONS OF FEDERAL AND STATE**
**CONSUMER PROTECTION STATUTES**

For her Complaint, Plaintiff, Mary Oberther, by and through her undersigned counsel, pleading in her own behalf and on behalf of all others similarly situated, states as follows:

## JURISDICTION

1. Plaintiff, Mary Oberther ("Plaintiff") files this Class Action Complaint ("Complaint") seeking redress for the unlawful, predatory consumer debt collection practices engaged in by Defendants, Midland Credit Management, Inc. ("Midland Credit"), and Midland Funding, LLC ("Midland Funding") and Encore Capital Group, Inc. ("Encore"). Defendants conduct their debt collection business in flagrant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by systematically and uniformly overshadowing consumers' rights to dispute their debt, rights guaranteed by 15 U.S.C. § 1692g(b).

2. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against Defendants arose under the FDCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. Plaintiff is an adult individual residing in Springfield, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) in that the alleged debt that Defendants sought to collect from her was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

5. Defendant Midland Funding is a business entity organized under the laws of Delaware with a principle place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California. Midland Funding is authorized to conduct business and maintains a registered agent in the State of Massachusetts.

6. Midland Funding is one of the nation's biggest buyers of unpaid debt in the form of charged-off accounts. Midland Funding is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts it purchases in large portfolios. As such, Midland Funding is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

7. Defendant Midland Credit is a business entity organized under the laws of Kansas with a principle place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California. Midland Credit is authorized to conduct business and maintains a registered agent in the State of Massachusetts.

8. Midland Credit is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due Midland Funding as one of its principal areas of business. As such, Midland Credit is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

9. Midland Credit is an affiliate of Midland Funding. At all times relevant herein, Midland Credit collected debts on behalf of Midland Funding, the holder of the accounts at issue. Midland Credit operated on Midland Funding's behalf by transmitting a letter to Plaintiff and members of the class.

10. Defendant Encore is a business entity organized under the laws of Delaware with a principle place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

11. Encore is the parent company of Midland Credit and Midland Funding. Through Midland Credit, Encore contacts customers directly in attempts to collect debts on behalf of the current creditor.

Here, the entity known as Midland Funding owns the debts, Midland Credit and Encore collect the debt. As such, Encore is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

12. Each Defendant is individually liable for the alleged violations of the FDCPA asserted herein.

## STATEMENT OF FACTS

### A. The Account

13. Prior to October 2013, Plaintiff opened a credit account with Capital One, N.A. (hereinafter the "Original Creditor").

14. The account was used by Plaintiff to acquire personal household items and therefore meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

15. The account subsequently went into arrears.

16. Thereafter, the Original Creditor sold the account to Midland Funding for pennies on the dollar as part of a portfolio of similarly defaulted accounts.

17. Thereafter, Midland Funding, through Encore and Midland Credit sent to Plaintiff a collection letter in attempts to collect the Account.

### B. The Unlawful Collection Letter

18. On or about October 31, 2013, Defendants sent Plaintiff an initial collection letter titled "**NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW**" (the "Letter"). A copy of the Letter is annexed hereto and made a part of this Complaint as Exhibit A.

19. The body on the front page of the Letter set forth:

> Dear Mary,
>
> On 10-21-2013, your Capital One, N.A. account was sold to Midland Funding LLC and Midland Credit Management, Inc. (MCM), a debt collection company, will be collecting on, and servicing your account.
>
> Midland Credit Management, Inc. is considering forwarding this account to an

attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the time period described on the back of the letter. Upon receipt of this notice, please call to discuss your options.

If we don't hear from you or receive payment by 12·15·2013, we may proceed with forwarding this account to an attorney.

**What do you need to do to stop this process from continuing?**

1) Mail in $500.00 and call to set up your remaining payments.
2) Call us to see how to qualify for discounts and payment plans.

**LET US HELP YOU!** If the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. **We encourage you to call us: (800) 265·8825**.

Sincerely,

Hector Torres. Division Manager
**(800) 265-8825**

Exhibit A (emphasis in original).

20. The front page of the letter set forth in large typeface above the title:

**Call (800) 265-8825**

and, in a separate box in the lower right corner:

| **CALL US TODAY!**<br>**(800) 265-8825** |
|---|

Exhibit A.

21. On the reverse side, the Letter purported to provide the notifications required by 15 U.S.C. §1692g(a)(4-5) and set forth:

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt or any portion thereof, MCM will assume this debt to be valid.

If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or Judgment.

If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

Exhibit A.

**C. The Letter Misleads Consumers and is Deceptive**

22. The threats to turn the account over to an attorney, located on the front of the Letter, overshadow and contradict the 30 day dispute notice on the reverse.

23. The Letter does so in several ways.

24. First, the front of the letter advises the following:

> "**What do you need to do to stop this process from continuing?**
>
> 1) Mail in $500.00 and call to set up your remaining payments.
>
> 2) Call us to see how to qualify for discounts and payment plans."

Exhibit A (emphasis in original).

25. However, the two options exclude the option to send in a dispute letter which requires the debt collector to cease all collection activity pending valid verification of the debt. By doing so, the right to dispute is diluted, overshadowed and contradicted.

26. Second, the front of the Letter instructs to recipient to call. It does so in multiple places. It does so in bolded and oversized typeface. In the right hand "Benefits of Paying" box, the Letter states "This may be your last chance to work with us before the account goes to an attorney" and, in the same box, the command to call is set off in its own notification box. By placing repeated emphasize on calling as the only way to stop the account from going to an attorney, the Letter overshadows both the right to dispute on the rear of the Letter and the requirement that the dispute, to be legally effective, must be in writing and cannot be made in a call.

27. Third, the front of the Letter states "Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the time period described on the back of the letter."

28. However, the rear of the letter references two time periods "thirty (30) days" to dispute the debt and a "ten (10) day" period during which time oral requests to cease calling will be honored.

29. By referring to two different time periods, it is unclear when the attorney referral may occur.

30. The Letter is an example of form letters, substantially similar to thousands of letters sent to consumers across the country.

31. In each instance, Defendants engaged in false and deceptive practices.

## CLASS ACTION ALLEGATIONS

### The Class

32. Plaintiffs bring this case as a class action pursuant to Rules 23of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated.

33. Plaintiffs seeks to represent a class defined as:

> **All consumers in the State of Massachusetts who were sent a letter in substantially the same form as the Letter by or on behalf of Defendants, within one year prior to the filing of this action and which was not returned as undeliverable.**

### D. Numerosity

34. The Letters are mass-mailed form letters. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

35. Upon information and belief, Defendants send or cause to be sent thousands of similar deceptive Letters to consumers.

36. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendants' records.

37. Plaintiff reasonably believes that there are thousands of consumers who are members of the class.

### E. Common Questions of Law and Fact

38. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

39. The questions of law and fact common to the Class concern whether Defendants' practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates Sections 807 and 809 of the FDCPA.

40. The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

a. Did Defendants violate 15 U.S.C. §1692e(10) by engaging in the deceptive practice of using false representations and deceptive conduct to collect consumer debts?

b. Did Defendants violate 15 U.S.C. §1692g(b) by engaging in conduct that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor?

**F. Typicality**

41. Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the Letter sent to her by Defendants.

**G. Protecting the Interests of the Class Members**

42. Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendants' unlawful and wrongful conduct.

43. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

44. Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

**H. Proceeding Via Class Action is Superior and Advisable**

45. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

46. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

47. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

48. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

49. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

50. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**COUNT I**
**Violations of FDCPA**
**Section 807(10), 15 U.S.C. § 1692e(10) by**
**Use of Deception to Collect a Debt**

51. Each and every allegation contained in paragraphs 1 through 50 of this Complaint is repeated, realleged and incorporated herein by reference.

52. FDCPA Section 807(10), 15 U.S.C. 1692e(10), provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
>
> ****
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53. The acts and practices complained in this Complaint constitute the use of false representations or deceptive means in attempts to collect a debt in violation of 15 U.S.C. § 1692e(10)

54. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

**COUNT II**
**Violations of FDCPA**
**Section 809(b), 15 U.S.C. §1692g(b) by**
**Overshadowing the Right to Dispute a Debt**

55. Each and every allegation contained in paragraphs 1 through 54 of this Complaint is repeated, realleged and incorporated herein by reference.

56. FDCPA, 15 U.S.C. § 1692g, provides in relevant part:

(a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> ****
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be

inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

57. The Letter overshadows the disclosure of the consumer's rights to dispute the date and therefore violates 15 U.S.C. § 1692g(b).

58. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court enter judgment in their favor and in favor of the members of the class and against Defendants, as follows:

A) Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

B) Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692(k)(3);

C) Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 16, 2013

Respectfully submitted,

By *__/s/ Sergei Lemberg________*

Sergei Lemberg
Lemberg Law, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff