UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARY OBERTHER, on behalf of herself and            *
all others similarly situated,                     *
                                                   *
          Plaintiff,                               *
                                                   *
     v.                                            *
                                                   *   Civil Action No. 14-30014-MGM
MIDLAND CREDIT MANAGEMENT, INC.,                   *
MIDLAND FUNDING, LLC, and ENCORE                   *
CAPITAL GROUP, INC.,                               *
                                                   *
          Defendants.                              *

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION TO DISMISS
(Dkt. No. 15)
September 15, 2014

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Mary Oberther ("Plaintiff") brings this putative class action against Midland Credit Management, Inc., Midland Funding, LLC, and Encore Capital Group, Inc. ("Defendants"). Plaintiff asserts that Defendants violated the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, et seq. ("FDCPA") by sending a letter that uses false representations and deceptive means to collect a debt (Count I) and that "overshadows" her right to dispute a debt (Count II). Defendants have filed a motion to dismiss asserting that Plaintiff's complaint fails to state a claim upon which relief may be granted. For the following reasons, the court will grant Defendants' motion in part and deny it in part.

## II. BACKGROUND

The following facts come directly from Plaintiff's complaint and the attachment thereto. Prior to October of 2013, Plaintiff opened a credit account with Capital One, N.A. (Complaint

("Compl.") ¶ 13.) She used the account to acquire personal household items and, therefore, she is a "consumer" under 15 U.S.C. § 1692a(3) and she incurred "debt" under 15 U.S.C. § 1692a(5). (Id. ¶¶ 4, 14.) At some point, the account went into arrears and Capital One, N.A. sold the account to Midland Funding. (Id. ¶¶ 15-16.) Midland Funding is a business entity engaged in the business of collecting or attempting to collect debt and, therefore, is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). (Id. ¶¶ 6-7.) Midland Credit is an affiliate of Midland Funding and is also a "debt collector" under 15 U.S.C. § 1692a(6) because it is engaged in the business of collecting or attempting to collect debt on behalf of Midland Funding as one of its principal areas of business. (Id. ¶¶ 8-9.) Encore is the parent company of Midland Credit and Midland Funding. (Id. ¶ 11.) Plaintiff alleges that "[t]hrough Midland Credit, Encore contacts customers directly in attempts to collect debts on behalf of the current creditor" and that Encore is also a "debt collector" under 15 U.S.C. § 1692a(6) because it is in the business of collecting or attempting to collect debt owed to another as one of its principal areas of business.[1] (Id.)

After Midland Funding acquired Plaintiff's account, it, "through Encore and Midland Credit," sent Plaintiff a collection letter in an attempt to collect the debt. (Id. ¶ 17.) The letter, dated October 31, 2013, explained that on October 21, 2013, Plaintiff's Capital One account was sold to Midland Funding and that Midland Credit "will be collecting on, and servicing your account." (Id. ¶ 19; Exhibit A (attached to Compl.).) The letter continued:

> Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the time period described on the back of the letter. Upon receipt of this notice, please call to discuss your options.
>
> If we don't hear from you or receive payment by 12-15-2013, we may proceed with forwarding this account to an attorney.
>
> **What do you need to do to stop this process from continuing?**

---

[1] Plaintiff also alleges that "the entity known as Midland Funding owns the debt, Midland Credit and Encore collect the debt." (Id. ¶ 11.)

1) Mail in $500 and call to set up your remaining payments.
2) Call us to see how to qualify for discounts and payment plans.

**LET US HELP YOU!** If the account goes to an attorney, our flexible options may no longer be available to you. There is an opportunity to make arrangements with us. **We encourage you to call us: (800) 265-8825**.

(Id.) On the reverse side, the letter provided "important disclosure information," including the notifications required by 15 U.S.C. § 1692g(a)(3)-(5):

> Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.
>
> If you notify MCM within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or Judgment.
>
> If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

(Compl. ¶ 21; Exhibit A (attached to Compl.).) The letter also stated, at the bottom on the reverse side:

> **IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:**
> NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POST MARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO MIDLAND CREDIT MANAGEMENT, INC.

(Exhibit A (attached to Compl.).)

### III. STANDARD OF REVIEW

When confronted with a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept the well-pleaded allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir.

1999). A complaint that states a plausible claim for relief, on its face, will survive a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

IV. ANALYSIS

As clarified in her opposition to Defendants' motion to dismiss, Plaintiff claims that the letter is "false and deceptive" under 15 U.S.C. § 1692e(10) of the FDCPA because it can be read to convey different time periods after which the account will be sent to an attorney: either the thirty days for disputing the validity of the debt or the ten-day time period for Massachusetts residents. Plaintiff also claims that the letter "overshadows" the statutorily required validation notice by providing only two options on the front of the letter "to stop this [collection] process from continuing": either mail in $500 or call to see if a discount or payment plan is available. According to Plaintiff, the letter should have provided a third option of sending a written dispute consistent with the notice on the back of the letter, after which Defendants would be required to cease collection activities pending validation of the debt. In addition, Plaintiff claims that the letter overshadows the validation notice by repeatedly listing a phone number and requesting that she call Midland Credit.

Under 15 U.S.C. § 1692e(10), a "debt collector" may not "use any false representation or deceptive means to collect or attempt to collect any debt." "[A] representation from a debt collector is deceptive 'when it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" Waters v. Kream, 770 F. Supp. 2d 434, 436 (D.Mass. 2011) (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996)).

The FDCPA also gives "consumers" the right to dispute a debt and to seek verification of the validity of the debt. 15 U.S.C. § 1692g(b). The FDCPA requires debt collectors to send a disclosure to consumers explaining their right to dispute the debt either in the initial communication with the consumer or within five days after the initial communication. 15 U.S.C. § 1692g(a). The disclosure must state that if the consumer notifies the debt collector in writing within thirty days of receipt of the notice that the debt, or any portion of it, is disputed, then the debt collector will provide the consumer with verification of the debt; if the consumer does not dispute the debt within that time, however, the debt collector will assume that the debt is valid. Id. "If the consumer either disputes the debt or requests information concerning the identity of the original creditor within this thirty-day period, the debt collector must suspend collection efforts until it supplies such data." Pollard v. Law Office of Mandy L. Spaulding, --- F.3d ----, 2014 WL 4402213, at *2 (1st Cir. Sept. 8, 2014) (citing 15 U.S.C. § 1692g(b)). The FDCPA further provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

The First Circuit recently held that, "for FDCPA purposes, a collection letter is to be viewed from the perspective of the hypothetical unsophisticated consumer." Pollard, 2014 WL 4402213, at *4.[2] Thus, as the First Circuit explained, a communication overshadows or contradicts the validation notice if it "would confuse the [hypothetical] unsophisticated consumer." Id., at *5. Similarly, the letter must be viewed from the perspective of the hypothetical unsophisticated consumer in determining whether it uses a "false representation or deceptive means" under 15

---

[2] The First Circuit explained that while "[a] majority of the circuits applies a 'least sophisticated consumer' standard," "there appears to be little difference between this formulation and the 'unsophisticated consumer formulation.'" Id. at *4 n.4. However, it "adopt[ed] the unsophisticated formulation to avoid any appearance of wedding the standard to the 'very last rung on the sophisticated ladder.'" Id. (quoting Gammon v. GC Servs. Ltd. P'Ship, 27 F.3d 1254, 157 (7th Cir. 1994)).

U.S.C. § 1692e(10).  Cf. Waters, 770 F. Supp. 2d at 437 & n.1.  Moreover, the parties agree that whether a collection letter is deceptive or overshadows the validation notice is a question of law that may be properly decided on a motion to dismiss.  See Pollard, 2014 WL 4402213, at *4 n.3 (assuming, because the parties agreed, that whether a collection letter overshadows a validation notice is a question of law that may be decided at the pleadings stage).

   A. <u>Vicarious Liability of Encore</u>

   Before delving into the merits of Plaintiff's claims, the court will first address Defendants' argument that the claims against Encore should be dismissed.  Defendants assert that Plaintiff has alleged no facts on which liability could be asserted against Encore.  In support, Defendants cite Som v. Daniels Law Offices, P.C., 573 F. Supp. 2d 349, 356 (D.Mass. 2008), for the proposition that "[i]t is not enough to label a defendant a 'debt collector' – a plaintiff must also allege that the defendant was personally involved in the collection of the debt at issue."  Defendants argue that Plaintiff's allegation that Encore "through Midland Credit" collects debts is not sufficient to hold Encore liable.  Plaintiff, however, citing Okeyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508, 515-16 (S.D.N.Y. 2013), argues that an entity which itself meets the definition of "debt collector" may be held vicariously liable for unlawful collection activities carried out by another on its behalf. Accordingly, Plaintiff argues, she has alleged sufficient facts to assert liability on the part of Encore.

   As an initial matter, the case cited by Defendants, Som, concerns the liability of individual employees or shareholders in an organization, not the potential vicarious liability of an entity for actions taken on its behalf by another entity.  See Som, 573 F. Supp. 2d at 355 ("An individual cannot be held personally liable for the debt collection actions of a corporation merely by virtue of his status as an officer, director, or shareholder.").  Another court in this district has addressed the latter situation, holding that under "agency principles" a principal entity which meets the definition

of a "debt collector" may be held vicariously liable for the acts of its "authorized or apparent agent under the FDCPA." Alger v. Ganick, O'Brien & Sarin, 35 F. Supp. 2d 148, 153 (D.Mass. 1999); see also Pollice v. National Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. 2000) ("[W]e conclude that NTF – which itself meets the definition of 'debt collector' – may be held vicariously liable for CARC's collection activity. We believe this is a fair result because an entity that is itself a 'debt collector' – and hence subject to the FDCPA – should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf.").[3]

In light of Alger and Pollice, which this court finds persuasive and which appear to represent the prevailing view, Plaintiff's claims against Encore should not be dismissed. Granted, Plaintiff's complaint does not contain detailed allegations bearing on the nature of Encore's agency relationship with Midland Credit. But Plaintiff does allege that Encore is the parent company of Midland Credit and that Encore attempts to collect debt "through Midland Credit." (Compl. ¶ 11.) As the Supreme Court has explained, "the pleading standard Rule 8 announces does not require 'detailed factual allegations.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)); Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 24 (1st Cir. 2014) ("[P]laintiffs need not plead facts in the complaint that establish a prima facie case . . . nor must they 'allege every fact necessary to win at trial.'") (quoting Rodriguez-Vives v. P.R. Firefighters Corps of P.R., 743 F.3d 278, 283 (1st Cir. 2014)); Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013) ("The prima facie standard is an evidentiary standard, not a pleading standard, and there is no need to set forth a detailed evidentiary proffer."). In fact, the court in Okeyere held that similar "through" language in the complaint sufficed to demonstrate vicarious liability. Okeyere, 961 F. Supp. 2d at 516-17. Thus, mindful of the liberal standard, the court

---

[3] The Third Circuit also went out of its way in Pollice to explain that, "[h]ere, we do not deal with the liability of a shareholder of a 'debt collector' corporation, nor do we deal with the liability of a person who merely works for a 'debt collector' company." Pollice, 225 F.3d at 405 n.29.

7

plausibly infers that Midland Credit is Encore's authorized agent and that it attempted to collect Plaintiff's debt on behalf of Encore. Accordingly, the court concludes that Plaintiff's complaint adequately alleges that Encore is vicariously liable.

    B. <u>False or Deceptive (Count I)</u>

Plaintiff claims that the statement on the front of the letter that "such forwarding[of the account to an attorney] will not occur until after the expiration of the time period described on the back of the letter" is deceptive because there are two different time periods described on the back of the letter. Defendants argue that the statement is not deceptive or misleading because it is clear that the time period referenced is the thirty-day dispute period and not the ten-day period in which a debt collector will not call a consumer's place of employment. The court agrees with Defendants.

While Plaintiff is correct that the letter could have been drafted more clearly by simply stating "such forwarding will not occur until after the expiration <u>of the dispute period</u> described on the back of the letter," the court cannot conclude that the "hypothetical unsophisticated consumer" would be confused by the different time periods on the back of the letter. Whereas the thirty-day validation period clearly <u>expires</u> thirty days after receipt of the letter, the ten-day period is the length of time Midland Credit would comply with a request to refrain from calling Plaintiff's place of employment. Thus, if Plaintiff never makes a request that phone calls not be made to her place of employment, the ten days would not expire. Even an unsophisticated consumer could not believe that "the time period described on the back of the letter" referred to the ten-day period, <u>i.e.</u>, that Midland Credit would hold off taking further action until the consumer requested that calls not be made to her place of employment, an event that may never occur.

At the hearing on Defendants' motion, Plaintiff's counsel posited that an unsophisticated consumer could believe that the statement at issue referenced the ten-day period because she might

not read the entire paragraph concerning a consumer's right to prevent workplace calls. The court, however, cannot conclude that a debt collector can be held liable under the FDCPA based on a consumer's incomplete or incorrect reading of a debt collection letter. Moreover, as the First Circuit explained, "the [hypothetical unsophisticated consumer] standard remains an objective one, which preserves an element of reasonableness." Pollard, 2014 WL 4402213, *4. Thus, "[a] debt collector will not be held liable based on an individual consumer's chimerical or farfetched reading of a collection letter." Id. Plaintiff's assertion here, the court finds, relies on such a "chimerical or farfetched reading." Therefore, Count I of Plaintiff's complaint will be dismissed.

   C. Overshadowing (Count II)

Plaintiff claims that the letter "overshadows" the validation notice because, on the front, it references two options for avoiding referral of the account to an attorney without including the option of disputing the validity of the debt. Plaintiff also argues, citing Vu v. Diversified Collection Servs., Inc., 293 F.R.D. 343, 349 (E.D.N.Y. 2013), that the letter placed improper emphasis on calling Midland Credit. In seeking dismissal, Defendants argue that the language on the front of the letter does not overshadow the validation notice on the back.

With regard to Plaintiff's first argument, the court concludes that the statement describing what a consumer "need[s] to do to stop this process from continuing" overshadows the validation notice. As mentioned, the FDCPA provides that if a consumer disputes the debt within the thirty-day validation period, then "the debt collector shall cease collection of the debt" until it supplies such validation to the consumer. 15 U.S.C. § 1692g(b). Here, just as in Pollard, the collection letter would cause an unsophisticated consumer to be uncertain as to the effect of disputing the debt. See Pollard, 2014 WL 4402213, at *5 ("[W]e have no doubt that a debt collector is not allowed to suggest that the effect of disputing a debt is different than what the FDCPA provides. To give the

9

required notice of a right to dispute the debt while simultaneously and inaccurately disparaging the benefit of the right is to cause the consumer to think that the right to dispute has less benefit than is actually the case."). By providing only two options for preventing referral of the account to an attorney, without providing the additional option of disputing the debt, "[t]he clear implication is that the plaintiff can stave off suit only by ignoring her validation rights and making payment" or, in this case, calling Midland Credit. Pollard, 2014 WL 4402213, at *7. Moreover, the use of the mandatory term "need" suggests that the options listed are exclusive.[4] Accordingly, the court will not dismiss that portion of Count II which asserts an overshadowing claim based on the two options for avoiding referral of the account to an attorney.

As for Plaintiff's argument that the letter improperly emphasized calling, the court does not agree. First, the case Plaintiff cites, Vu, is distinguishable. In Vu, the letter contained a notice stating:

> We are requesting that you telephone this office at 209-858-3678, regarding your account rather than continuing to correspond by mail. We must talk to you in order to finalize any arrangements necessary to retire your obligation, otherwise we cannot intelligently evaluate your present situation.

Vu, 293 F.R.D. at 349. Here, although the letter encouraged Plaintiff to call, it did not specifically request that Plaintiff not correspond by mail. Second, courts have held that "[i]t does not follow that simply because a collection letter instructs a consumer to contact a debt collector that the validation notice is necessarily overshadowed or contradicted." Lerner v. Forster, 240 F. Supp. 2d 233, 238 (E.D.N.Y. 2003); see also Ehrich v. I.C. System, 681 F. Supp. 2d 265, 271 (E.D.N.Y. 2010) ("[W]hen a debt collection letter unambiguously provides the required FDCPA notice and merely supplements it with a phone number, there is no § 1692g violation."). Moreover, in Zemeckis v.

---

[4] While the letter also states that "such forwarding will not occur until after the expiration of the time period described on the back of the letter," this language does not save Defendants. The statement is not the equivalent of informing Plaintiff that the "process" will "stop" pending validation of the debt; it merely states that Midland Credit will wait until thirty days after Plaintiff receives the letter to forward the account to an attorney. Thus, consistent with this statement, if Plaintiff sought validation of the debt on the twenty-ninth day, Midland Credit could still proceed with collection efforts after the thirtieth even if it has not sent Plaintiff verification of the debt.

Global Credit & Collection Corp., 679 F.3d 632, 635-36 (7th Cir. 2012), cited favorably in Pollard, 2014 WL 4402213, at *6, the Seventh Circuit held that statements on a collection letter "to act 'now' and call Global credit 'today' with threats of legal action" did not overshadow the validation rights included on the back of the letter.  The Seventh Circuit explained that "[e]ven the most unsophisticated debtor would realize that debt collectors wish to expedite payment, and urging him to hurry does not confuse or undermine his right to his validation period." Id. at 636.  Accordingly, the court cannot conclude that the repeated emphasis on calling, standing alone, overshadowed the validation notice.  The court will therefore dismiss that portion of Count II.

V.     CONCLUSION

For these reasons, the court ALLOWS Defendants' motion to dismiss (Dkt. No. 15) to the extent it seeks dismissal of Count I and that portion of Count II which asserts an "overshadowing" claim based on the requests that Plaintiff call Midland Credit.  The court, however, DENIES Defendant's motion to dismiss to the extent it seeks dismissal of that portion of Count II which asserts an "overshadowing" claim based on the two options for avoiding referral of the account to an attorney.

It is So Ordered.

　/s/ Mark G. Mastroianni　　　　
MARK G. MASTROIANNI
United States District Judge