**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Mary Oberther, *on behalf of herself and all others similarly situated,*  Plaintiff,  v.  Midland Credit Management, Inc.  Defendant. | Civil Action No.: 3:14-cv-30014 |

## [PROPOSED] FINAL APPROVAL ORDER

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Mary Oberther ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Midland Credit Management, Inc. ("MCM"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class members, and MCM.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All natural persons to whom MCM mailed a letter, substantially similar to the Letter sent to Plaintiff, to an address located in the 1st Circuit, consisting of Maine, Massachusetts, New Hampshire, Puerto Rico and Rhode Island in an attempt to collect a debt, where the letter was not returned as undeliverable, and where the letter, in part, instructed that, if they wished to stop their account from being forwarded to an attorney, the recipient could set up a payment arrangement by either mailing in a payment to MCM or by calling MCM, and, where the reverse side of the letter provided validation rights under FDCPA, during the period beginning January 16, 2013 and ending January 16, 2014.

3. Based on the Parties' submissions: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members, and include whether or not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.*, by sending standardized collection letters to Plaintiff and Settlement Class members that allegedly violated the FDCPA; (C) the Plaintiff's claims are typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Sergei Lemberg and Stephen Taylor, are hereby appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 7,789 Settlement Class members by First Class, Inc., the third-party settlement administrator. A total of 1,135 envelopes were returned by the United States Postal Service, 77 of which were returned with forwarding addresses and re-mailed. 4 Settlement Class members requested exclusion, and no objections were filed or received.

5. On July 13, 2016, the Court held a fairness hearing to which Settlement Class members, including any with objections, were invited. Excluded from the Settlement Class are Shirley D. Murphy of Belfast, ME, Hernan Huaicochea of Revere, MA, William Karales of Bridgewater, MA and Sidenio Moreira of Hudson, MA who timely and validly requested exclusion.

6.  The Court finds that provisions for notice to the class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7.  The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by Defendant. Upon the Effective Date, as that term is defined in the Agreement, Defendant shall make the following payments:

   (a) Defendant will create a class settlement fund of $100,000.00 ("Class Recovery"), which the settlement administrator will distribute *pro rata* among Settlement Class Members who did not exclude themselves and who timely returned a valid claim form ("Claimants"). Participating Settlement Class Members (those who submitted timely and valid claim forms, will receive a *pro rata* share of the Class Recovery by check. Checks issued to Participating Settlement Class Members will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Participating Settlement Class Members' checks, these remaining funds will be distributed as set forth in the following paragraph. Relatives of deceased persons are eligible to submit a claim form and to receive the *pro rata* share of the Class Recovery.

   (b) MCM shall pay Plaintiff $3,000.00 and shall forgive Plaintiff's debt obligation owed to Midland Funding, LLC, in an outstanding amount of $2,112.82.

   (c) Class Counsel will receive attorneys' fees and costs in the amount of $60,000.00. Class Counsel will not request additional fees or costs from MCM or the Settlement Class members.

8.  The Parties grant the following releases:

   (a) Plaintiff and each Settlement Class member who did not effectively exclude themselves the Settlement forever release and discharge MCM, its respective representatives, heirs, fiduciaries, administrators, executors, trustees, conservators, directors, parent companies, including Encore Capital Group, Inc., subsidiaries, officers, members, partners, attorneys, employees, and affiliated companies, (including Midland Funding LLC) associated companies, predecessors-in-interest, successors-in-interest and assigns, from any and all manner of action and actions, cause and causes of action, claims and controversies whatsoever, that were asserted or could have been asserted in the litigation, arising out of or related in any way, in whole or in part, to allegations asserted by Plaintiff in this litigation.

(b) MCM forever releases and discharges Mary Oberther, her present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the litigation.

(c) Nothing contained in the Agreement shall in any manner be construed to reduce the amount of any and all debts claimed to be owed to Midland Funding LLC or any other creditor, their respective representatives, fiduciaries, administrators, executors, trustees, conservators, directors, officers, members, partners, employees, and affiliated companies, associated companies, predecessors-in-interest, successors-in-interest and assigns by members of the Settlement Class except as set forth in 8(b) *supra*. In addition, nothing contained in the Agreement shall be construed in any way to limit, impair, prevent or otherwise interfere with the right of MCM or any creditor, their respective representatives, fiduciaries, attorneys, administrators, executors, trustees, conservators, directors, officers, members, partners, employees, and affiliated companies, associated companies, predecessors-in-interest, successors-in-interest and assigns to utilize any and all lawful, equitable or contractual means in an effort to collect all such debts of the Settlement Class members. In addition, nothing contained in the Agreement shall be construed in any way to limit, impair, relieve, remove or otherwise affect any pending or future litigation, wage garnishment, levy, execution or other action that is, has been, or will be lawfully commenced by MCM or any creditor in connection with the collection of any debt from any Settlement Class member.

9. The Court finds the Agreement is fair and made in good faith.

10. Within thirty (30) days following the last void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will be paid by First Class, Inc., to the following *cy pres* recipient: Jump$tart Coalition for Personal Financial Literacy, a national coalition of organizations dedicated to improving the financial literacy of consumers by providing advocacy, research, standards and educational resources, through its Massachusetts Coalition.

11. The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

12. MCM, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, is to file a certification apprising the Court that the

terms of the Agreement have been complied with and providing the Court with an accounting of how the money in the Class Recovery was distributed.

13. Ten (10) days after the filing of the notice contemplated in ¶ 12 above, the dismissal of the claims of Plaintiff and the Settlement Class shall be with prejudice and without costs, absent a timely motion by either Plaintiff or MCM.

14. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this order.

15. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this order.

16. The Parties are hereby ordered to comply with the terms of the Agreement and this order.

IT IS SO ORDERED:

_____
HONORABLE MARK G. MASTROIANNI
United States District Court

Dated: 7/13/16

5